SCHAFER v. CRAFT, Revenue Collector.

(District Court, W. D. Kentucky. April 21, 1906.)

1. INTERNAL REVENUE—RECOVERY OF TAXES PAID—ILLEGAL MANNER OF COLLECTION.

A person cannot recover from an internal revenue collector taxes paid which were in fact due from him even though the manner of their assessment or collection was unauthorized.

2. SAME—SPECIAL TAX ON DEALER IN OLEOMARGARINE—AUTHORITY TO ASSESS PENALTY.

Rev. St. § 3176 [U. S. Comp. St. 1901, p. 2068], is not applicable to the collection of the special taxes imposed by Oleomargarine Act Aug. 2, 1886, c. 840, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2228], being omitted from those enumerated in section 3, and made applicable thereto, and in the absence of any provision therefor in the act itself there is no warrant of law for the assessment of a 50 per cent. penalty against a dealer for non-payment of his special tax.

3. SAME—ACTION TO RECOVER TAX PAID—BURDEN OF PROOF.

In an action to recover a special tax assessed against and collected from plaintiff as a dealer in oleomargarine, on the ground that it was based on

an erroneous finding that he sold oleomargarine colored to resemble butter, and was therefore excessive, the burden of proof to establish such contention rests upon the plaintiff.

Action to Recover Special Tax Paid. Trial to court.

EVANS, District Judge. Under section 3 of the oleomargarine act of August 2, 1886, c. 840, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2229], as amended by sections 2 and 3 of the act of May 9, 1902, c. 784, 32 Stat. 194 [U. S. Comp. St. Supp. 1905, pp. 433, 434], retail dealers in oleomargarine are required to pay a special tax of $48 per year, though if only oleomargarine which is free from artificial coloration which causes it to look like butter of any shade of yellow, is sold, the annual tax is only $6. Upon information obtained by the Commissioner of Internal Revenue that officer made an assessment at the higher rate for the year which ended June 30, 1903, and included therein an assessment against the plaintiff of a penalty of 50 per cent. thereon on account of the nonpayment of the special tax when due— the two sums, of course, amounting to $72. After notice of this assessment the plaintiff, probably under section 3226, Rev. St. [U. S. Comp. St. 1901, p. 2088], made an appeal for a remission thereof to the proper authorities at Washington. This was denied, and the tax and penalty thus assessed having afterwards been paid under compulsion, this action was brought in the state court against the collector for a recovery of the amount thus paid. By certiorari, under section 643 of the Revised Statutes [U. S. Comp. St. 1901, p. 521], the case was removed to this court. A stipulation in writing was filed by which a jury was waived, and the case was tried by the court. Upon the evidence heard the court does not doubt and will therefore find as a fact that the plaintiff within the year named did sell oleomargarine which was not free from artificial coloration which caused it to look like butter of any shade of yellow. This being true, the plaintiff for that reason was liable to the United States for that year for a special tax of $48 as a retail dealer in oleomargarine.

It is strenuously argued, however, that the Commissioner of Internal Revenue did not, upon the facts of this case, have any lawful authority under the oleomargarine legislation of Congress to make any "assessment" whatever against the plaintiff for the amount of the tax even if plaintiff was liable therefor. We might not in any event agree to this view, but have concluded that it is wholly unnecessary to pass upon the question because upon the most familiar principles one cannot by suit recover any taxes once paid, which in fact were due even though the exact manner of their collection was not authorized. And, indeed, one must first pay taxes which are due in fact before he can recover any that were exacted which were not due. In equity proceedings the case of Northern Pacific R. R. v. Clark, 153 U. S. 252, 14 Sup. Ct. 809, 38 L. Ed. 706, points out the well-settled rule, and logically the underlying principle must equally apply to cases like this. The United States having received the $48, and having in fact been entitled to that much from the plaintiff, a recovery cannot be had against the Collector who, under the direction of his superior officer, as mani-

fested by the assessment, collected the money, even if some other manner of collecting it was the lawful way for doing so. This will dispose of the case as to the $48. But as to the $24 collected as a 50 per cent. penalty different questions arise. The word "penalty" as used in statutory enactments has quite a variety of meanings, but in the legislation referred to there appears to be no provision imposing a 50 per cent. penalty in cases like this. Certainly there is no provision in the oleomargarine legislation itself, which in terms authorizes an assessment by the Commissioner of such or indeed of any penalty for nonpayment of a special tax. Other penalties are provided for in sections 4, 7, 10, 11, 12, 13, 17, and 18, and section 19, Act Aug. 2, 1886, c. 840, 24 Stat. 209–212 [U. S. Comp. St. 1901, pp. 2229, 2231–2234], provides the manner of their enforcement. But section 3176 of the Revised Statutes [U. S. Comp. St. 1901, p. 2068], which relates to the general internal revenue system, empowers the Commissioner of Internal Revenue, under certain conditions therein prescribed, to make assessments, and also to add, as parts thereof, certain penalties, and the learned District Attorney relies upon this section as conferring authority to make such assessments in cases arising under the laws relating to oleomargarine, insisting that those laws are part of the internal revenue system. But so far as express enactment goes, section 3176 is not one of those which are made parts of the act of August 2, 1886, by the third section thereof, c. 840, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2229], and upon the doctrine of In re Kearns, Collector, etc. (D. C.) 64 Fed. 481; In re Kinney (D. C.) 102 Fed. 468; and Wright v. Blakeslee, 101 U. S. 174, 25 L. Ed. 1048, the court is constrained to hold that section 3176, Rev. St. [U. S. Comp. St. 1901, p. 2068], not being included in the sections expressly made parts of the oleomargarine act, is excluded; and consequently that there was no warrant of law for assessing the 50 per cent. penalty in this instance, and for that reason has concluded that the plaintiff is entitled to recover from the defendant $24, with interest thereon from December 17, 1903, until paid and costs.

As some question was raised at the hearing as to the burden of proof, it may be added that in the opinion of the court it rested upon the plaintiff not only because it was, in the nature of things, quite as easy for him to prove that he did not sell colored oleomargarine as it was for the government to prove that he did, but also because (1) plaintiff asserts the negative proposition as the basis of his claim; and (2) the presumption would arise from the facts stated in the pleadings that the officers of the United States, both here and at Washington, did their duty in ascertaining and determining that fact before making the assessment of the $48.

A judgment accordingly may be entered.