Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff to recover the sum of $5,840 collected from it under the act of June 13, 1898, 30 Stat., 448, which imposed a tax upon bankers. The taxes were for the years ending June 30, 1899, up to and including June 30, 1902. The language of the act is as follows:
“ Bankers using or employing a capital not exceeding the sum of twenty-five thousand dollars shall pay fifty dollars; when using or employing a capital exceeding twenty-five thousand dollars, for every additional thousand dollars in *427 excess of twenty-five thousand dollars, two dollars, and in estimating capital surplus shall be included. The amount of the annual tax shall in all cases be computed on the basis of the capital and surplus for the preceding fiscal year. Every person, firm, or company, and every incorporated or other bank having a place of business where credits are opened by the deposit or collection of money or currency, subject to be paid or remitted upon draft, check, or order, or where money is advanced or loaned on stocks, bonds, bullion, bills of exchange, or promissory notes are received for discount or sale, shall be a banker under this act: Provided, That any savings bank having no capital stock, and whose business is confined to receiving deposits and loaning- or investing the same for the benefit of its depositors, and which does no other business of banking, shall not be subj act to this tax.”
The plaintiff had its place of business in the city of Indianapolis, State of Indiana. It was a banker under the terms of the act, in that it had a place of business where credits were opened by the deposit and collection of money and currency, which were subject to be paid upon draft, check, or order. It also advanced and loaned money on stock and bonds, and promissory notes were received for discount.
The plaintiff did business to a large amount other than the banking .business. It is not material to the issues in this case to set out in detail what that business was. It appears that the amount loaned by the plaintiff on stocks, bonds, and promissory notes during the period in suit was the sum of $2,062,807.76, and that loans made during the same period on securities not enumerated in the act amounted to the sum of $946,743.08. The plaintiff did other business not connected with its banking business, and its assets during this period were from one and a half to over two and a half millions of dollars. It kept no separate accounts of moneys received on deposit, but such moneys were mingled with the plaintiff’s other funds.
The plaintiff paid without protest the taxes which it is now seeking to have refunded, and set up no claim that it was not liable for the tax. It now, however, seeks to recover the taxes so paid, under the refunding act of July 27, 1912, 37 Stat., 240, which is an act for the refunding *428 of any internal tax alleged to have been erroneously or illegally assessed or collected under the provision’s of section 29 of the act of June 13, 1898. The plaintiff alleges that the taxes for which it sues were erroneously assessed and collected because, it says, that its capital and surplus was not used or employed in its banking business, and if they were not so used or employed, notwithstanding the fact that it did a banking business, it would not legally be assessed with the tax, and that the same could not be legally collected.
It does not appear from the evidence that none of the capital of the plaintiff was used in its banking business. Indeed it would seem impossible that such was the fact. The plaintiff was engaged, among other things, in banking. It stated that its capital stock was $600,000, and also declared a surplus each year; it reported to the Commissioner of Internal Kevenue each year its capital stock and surplus, and made this report under the section of the statute which imposed a tax upon bankers. If it was not a banker, why make the report; or if the report was made, why did it not then assert that it was not using or employing its capital in its banking business and claim exemption from the tax ? Certainly so far as the public was concerned with whom it was dealing as a banker it held out the fact that it had a capital and a surplus, and upon the strength of that capital and surplus it invited the public to do business with it as a banker, and did business with the public as a banker. The officers of the Government whose duty it was to assess and collect taxes could only take the statements made by the plaintiff itself, and in the discharge of their duty collected only in taxes what the plaintiff admitted it owed as a banker. The officer of the Government collecting the tax was not charged in the first instance with the duty of ascertaining how much or how little of the plaintiff’s capital was used or employed in its banking business. He could only proceed upon the evidence furnished by the plaintiff itself. If any part of the tax was not due it was the duty of the plaintiff to have established that fact; and its duty now is to show by a preponderance of evidence that the tax collected was not due. This it has failed to do.
*429 We do not lend assent to the proposition that the tax in question was not placed upon the capital used or employed in the business of banking when there were other kinds of business dealt in by the same person or corporation. The statute does not require or direct that all the capital be used or employed in a particular line of business. It defines a banker and lays a tax on the banker using or employing a capital, graduating it according to the amount of capital and surplus. It taxes alike “ every incorporated or other bank ” and “ every person, firm, or company ” having a place of business where certain credits are opened. It does not undertake to say that every dollar of the capital and surplus of the banker, as defined in the act, shall be employed or used in the banking business. It accords to him the right, if he chooses, of locking up his entire capital in his strong box or in using or employing it in strictly banking business, or in otherwise using or employing it. But if he does the business' of a banker he is taxed on the amount of the capital which he uses or employs in his business, of which that of banking may be but a part. It is the one person or firm or company or bank which is taxed and the capital used or employed can be ascertained. It was not contemplated by the act that a firm, company, or bank, engaging in several lines, and being a banker, could escape the tax under a claim that only a part of its capital and surplus was used or employed by it, acting as a banker. The act fixes the tax upon the banker “using or employing” a capital. The two words are not to be accorded the same meaning. Using a certain capital implies it is being made use of, while employing a certain capital does not mean an actual use of it, but rather the having it available for use when and as needed or desirable.
The question of the statute of limitations has been called to our attention by the defendant. We think that the action predicated upon this claim is barred. We base this opinion upon the decision rendered in this court on April 5,1920, in the case of Kahn et al. v. United States, ante, p. 211.
The petition must be dismissed and it so ordered.
Geaham, Judge; Downey, Judge; Booth, ','udge; and Campbell, Chief Justice, concur.