Graham, Judge,
delivered the opinion of the court:
In this suit the plaintiff seeks to have refunded taxes collected from it under section 407, Title IV, act of September 8,1916, 39 Stat., 789, which provides as follows:
“ Every corporation * * * shall pay annually a special excise tax with respect to carrying on or doing business by such corporation * *
The act, by its terms, provides for “ a special excise tax ” on corporations which had been doing business during the previous year of $0.50 per $1,000 of the value of the capital stock, this value to include surplus and undivided profits, the tax to be computed on the basis of the fair average value of the capital stock for the preceding year.
It is further provided in the said act as follows:
“ Sec. 409. That all administrative or special provisions of law, including the law relating to the assessment of taxes, so far as applicable, are hereby extended to and made a part of this title, and every person, firm, company, corporation, or association liable to any tax imposed by this title shall keep such records and render, under oath, such statements and returns as shall comply with such regulations as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, may from time to time prescribe.
“The amount of such annual tax shall in all cases be computed on the basis of the fair average value of the capital stock for the preceding year: * * * and, Provided further, That this tax shall not be imposed upon any corpora *79 tion * * * not engaged in business during the preceding taxable year.
“Any person who carries on any business or occupation for which special taxes are imposed by this title, without having paid the special tax thereon provided, shall, besides being liable to the payment of such special tax, be deemed guilty of a misdemeanor * * * ” and goes on to provide a penalty.
Thus it appears that all administrative or special provisions, including the law relating to the assessment of taxes, are made applicable to its enforcement. The act of October 1, 1890, 26 Stat. 624, which deals with the collection of special taxes, provides for the payment of these taxes in advance.
On October 19, 1916, the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, as authorized by law, promulgated regulations which adopted, as a basis of payment, the provisions of the said act of October 1, 1890, requiring payment in advance. These regulations contained the following:
“ 1. Time of filing returns. — The capital stock tax, which becomes effective January 1, 1917, will be payable in January, 1917, on returns to be made during that month for the six months ending June 30, 1917. In July, 1917, and annually thereafter, returns must again be made and the tax paid for the ensuing fiscal year.”
On January 30, 1917, the plaintiff made a return for the six months ending June 30, 1917, showing that it was liable for the payment of $2,977.76, and attached thereto a written protest against making the return. The plaintiff paid the sum above shown by its return to the Collector of Internal Revenue, the tax being upon the basis of this return, without protest. On the 26th of July, 1917, the plaintiff , made another return in the sum of $5,458.50, to which was attached a protest, and on the 13th day of September, 1917, paid this sum to the Collector of Internal Revenue, attaching a protest against payment.
On October 28, 1917, the plaintiff filed with the Treasury Department an application for the refund of the aforesaid sums of money, which application was, on June 14, 1918, rejected and denied by the collector of internal revenue. *80 The moneys have never been refunded. This suit was filed February 26, 1919, for the recovery of these two sums so paid.
From the above quotations from the act it will be seen that the tax is spoken of in the act as “ a special excise tax with respect to carrying on or doing business,” so that there can be no question that Congress intended it to be what it called it, namely, “ a special excise tax.” The capital stock of the plaintiff corporation was a proper subject for taxation by the Government, and within its constitutional powers of taxation, and the tax was due after the passage of the act and the promulgation of the said regulations by the Treasury Department. The presumption will be in favor of the legality of the act and that Congress performed its duties, with the burden upon the plaintiff to show that the taxes it seeks to recover were not due; (Arthur v. Unkart, 96 U. S., 118; Union Trust Co. v. United States, 55 C. Cls. 424) and this the petitioner has failed to do.
The contention is that the tax was illegal because it was assessed and collected in advance under the regulations of the Treasury Department. The matter might be disposed of without further comment on the familiar principle that a suit can not be maintained to recover taxes once paid, and which were, in fact, due, because the manner of collecting the tax was not authorized. Schafer v. Craft, 144 Fed. 907; Anderson v. Farmers’ Loan & Trust Co., 241 Fed. 322-829.
However, without regard to the question of advance payment, if these taxes were due, when collected, and had not been paid in advance, they would have been due and payable, the first installment on July 1, 1917, and the last installment on July 1, 1918; so that, at the time this suit was brought on February 26, 1919, these taxes would have been due and payable over 7 months, and consequently the money for their payment was properly in the hands of the Treasury Department. If these taxes being due had not been paid, they would still be due and payable. Thus, thi« seems to be an effort to compel the Treasury to take the money out of one hand and pass it into the other, without any benefit accruing to the petitioner.
*81 It may be well to point out that, as appears from the foregoing quotations from it, the act itself contemplated the payment of this tax as a tax upon the right to the “carrying on or doing business,” computed on the basis of the “ fair average value of the capital stock for the preceding year ” — that is, a corporation must pay a tax on its capital stock for the preceding year in order to do business for the coming year.
In the light of the foregoing, it is clear that the interpretation of the act by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, providing for payments in advance, was right. If another interpretation might have been put upon the act, it would have to be shown that the interpretation was clearly erroneous. Moore's case, 95 U. S. 760. This does not appear.
The petition is dismissed, and it is so ordered.
Hat, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.