**INDEPENDENT ICE & COLD STORAGE CO. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 5642.**

Circuit Court of Appeals, Fifth Circuit.

May 27, 1931.

S. L. Herold, of Shreveport, La., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and John Mac C. Hudson and S. Dee Hanson, Sp. Assts. to Atty. Gen., for respondent.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

From the determination of the Commissioner that there was a deficiency in the sum of $7,067.52 in respect of petitioner's tax for the year 1921, petitioner took its appeal to the Board of Tax Appeals, contending (1) that the assessment and collection of the tax for the year in question was barred by the statute of limitation, because, though a purported waiver of the statute had been signed by its secretary and treasurer for the corporation, it was unauthorized by and not binding upon it; and (2) that the respondent had erred in disallowing as excessive salaries paid to the corporate executives for that, as petitioner contends, they were reasonable salaries, and paid for services actually rendered.

The Board considered and directly overruled the first contention, finding that Farley, the secretary-treasurer, was one of the two active executive officers of the corporation from 1912 to 1925, inclusive, and was in charge of the office during the times when the president, who was interested in many other businesses, and did not devote his entire time to petitioner, was absent; that the waiver which operated to extend the time was signed as the act and deed of the corporation, bore its corporate seal, and was duly accepted by the commissioner; that it was effective to extend the time for making the assessment and to prevent the statute of limitation from running.

Upon the second point, the Board did not find affirmatively that the salaries were reasonable or unreasonable, and made no find-

ings of fact as to the character of the personal services actually rendered for which the salaries were paid. In its opinion it said: "The president of the corporation unqualifiedly stated that these amounts were designed to compensate the officers for services performed prior to the taxable year. The petitioner's books were kept and its income tax return was made on the basis of accruals, and under the scheme of the taxing statute each taxable year stands by itself. A corporation may not deduct from its profits of one year the expenses that logically belong to a prior year." Upon this view alone the disallowance as deductions of salaries paid in 1921 for prior years services was sustained.

Petitioner seeks a review here of the finding and order of the Board, assigning, under four assignments, two errors. Assignments 1, 2, and 3 challenge the action of the Board in holding the waiver valid. Assignment No. 4 is: "The Board erred in deciding that petitioner was not entitled to take a deduction of $13,600.00 for 1921 representing additional compensation authorized and paid by the petitioner to its president and directors in 1921 for services rendered prior to 1921."

The original record was filed in this court on July 15, 1929; on November 19th of the same year, upon joint motion of counsel reciting: "In support of said motion the petitioner and respondent respectfully represent to this Honorable Court that the issue raised in the instant case in assignment of error No. 4 is identical with the issues involved in said cause of Lucas v. Ox Fibre Brush Company in which case the Supreme Court of the United States granted a writ of certiorari on October 1, 1929 and which case is now pending before said Court," this court entered its order continuing the hearing in the cause. The Supreme Court, in the Ox Fibre Brush Co. Case, 281 U. S. 115, 50 S. Ct. 273, 74 L. Ed. 733, having decided, contrary to the position taken here by the Board, that "salaries paid in one year to compensate for services rendered in prior years constitute an allowable deduction in the year in which their payment became a binding obligation or were paid," petitioner now insists that it should have judgment here in its favor. Respondent, conceding that it cannot stand upon the Board's opinion, insists that it can stand upon the finding of the Commissioner, not reversed by the Board, that the salaries are excessive and unreasonable. Citing Wickwire v. Reinecke, 275 U. S. 101, 48 S. Ct. 43, 72 L. Ed. 184; Reinecke v. Spalding, 280 U.

S. 233, 50 S. Ct. 96, 74 L. Ed. 385; Am-Plus Storage v. Commissioner (C. C. A.) 35 F. (2) 167; General Water Heater Corp. v. Com'r (C. C. A.) 42 F.(2d) 419; Austin Co. v. Commissioner (C. C. A.) 35 F.(2d) 910, to the point that the determination of the Commissioner that the salaries were in fact unreasonable was prima facie correct and the burden of proving it erroneous before the Board rested upon petitioner, respondent insists that that determination, not having been by the Board affirmatively disapproved, stands approved, and that the decision denying petitioner relief must be affirmed upon the principle that, if the Board reached the correct conclusion, it is wholly immaterial that it based its decision upon an untenable ground. Hurwitz v. Commissioner (C. C. A.) 45 F.(2d) 780.

Petitioner, replying, contends, first, that the effect of the Board's finding is not to approve, but to disapprove, the finding of the Commissioner that the salaries were unreasonable. It says that this is not at all a case where, the Board having reached a right result, its decision must be affirmed, even though the ground upon which it was put is erroneous. It argues that the cases cited by respondent sustaining the ultimate finding of the Board, despite the statement of an erroneous ground for its ruling, requires the reversal, not the affirmance, of its ruling here; that it in effect has a finding of the Board in its favor that the sums in dispute were paid as compensation for services rendered; that they were reasonable, and as such were deductible but for the fact of their payment in one year to compensate for services in the prior years. It says: That resort to the Board presents the whole matter as an original proceeding that the Board "may investigate anew the issues between the government and the taxpayer, and upon the determination of the appeal it may affirm, set aside, or modify the finding and decision of the Commissioner." Blair v. Oesterlein Co., 275 U. S. 220, 48 S. Ct. 87, 89, 72 L. Ed. 249. That "when a taxpayer brings his case before the Board he proceeds by trial de novo. The record of the case made in the Internal Revenue Bureau is not before the Board except in so far as it may be properly placed in evidence by the taxpayer or by the Commissioner. The Board must decide each case upon the record made at the hearing before it, and, in order that it may properly do so, the taxpayer must be permitted to fully present any questions relating to his tax liability which may be necessary to a correct determination

of the deficiency." E. J. Barry, 1 B. T. A. 157. That the "Board was not created for the purpose of reviewing rulings made by the Commissioner but was created for the purpose of determining the correctness of deficiencies in tax found by the Commissioner," Gutterman, Strauss Co., 1 B. T. A. 245.

Respondent claims that the Board has not so found, but in effect just the contrary, and that petitioner finds itself in the position of complaining before this court of a finding of the Board upon a record wholly bare, except for the allegations of the petition, of facts by which to test the finding, and that, since the burden is upon the taxpayer to establish the illegality of the tax assessed, the correctness of the deduction claimed (Reinecke v. Spalding, 280 U. S. 232, 50 S. Ct. 96, 74 L. Ed. 385), the decision of the Board must be affirmed.

█ Considering, first, the question of waiver, we are not at all impressed with petitioner's contention that a waiver, executed by the secretary-treasurer, the manager in large part generally, and of the fiscal affairs of the corporation completely, received and acted upon by the government, was not valid and effective to toll the statute.

"Taxation, as it many times has been said, is eminently practical." Tyler v. U. S., 281 U. S. 503, 50 S. Ct. 356, 359, 74 L. Ed. 991, 69 A. L. R. 758.

It has to do with matters the great majority of which ought to be, and usually are, disposed of informally, and, where rights are substantially preserved, defects in form may not defeat them. Florsheim Bros. Co. v. U. S., 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542; Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335, and courts will not permit a "sticking in the bark" to defeat a waiver voluntarily executed within the scope of the implied powers of him who executed it, and which was acted upon by the officer of the United States to whom it was addressed. Florsheim Bros. Co. v. U. S., 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542; Stange v. U. S., 282 U. S. 271, 51 S. Ct. 145, 75 L. Ed. 335; Lucas v. Hunt (C. C. A.) 45 F. (2d) 781, for a waiver is not a contract; it is just what its name implies, a waiver voluntarily and unilaterally of a defense by the taxpayer. Aiken v. Burnet, 282 U. S. 277, 51 S. Ct. 148, 75 L. Ed. 339; Brown v. Burnet, 282 U. S. 283, 51 S. Ct. 140, 75 L. Ed. 343; Burnet v. Railway Equipment Co., 282 U. S. 295, 51 S. Ct. 137, 75 L. Ed. 349. Here the holding out by the corporation of Farley as secretary-treasurer as having authority to execute the waiver is emphasized by the fact that the return, which was the basis of the deficiency assessment, was without specific authority, made by him. It is certainly not reasonable nor consistent to on the one hand contend that Farley had authority to file the return sufficient to avoid the penalties for failure to file, and yet, nothing different appearing, that he did not have the power to sign a waiver of assessment with regard to that same return, which, as the act of the corporation, he had made and filed. Besides, we think the primary facts found by the Board support the ultimate finding that Farley was authorized to execute the waiver for the corporation, whether under the Louisiana statutes he be regarded as its manager, or whether, the statutes aside, it be considered that under general principles a person charged, as he was, with the management of the corporation's fiscal affairs, particularly with reference to the making and filing of its income tax returns, had implied authority to execute other papers in connection with the collection and handling of such tax returns, including the statutory waivers usual in such cases. California Iron Yards v. Commissioner (C. C. A.) 47 F.(2d) 514; Hammond v. Carthage (D. C.) 34 F.(2d) 155; Liberty Baking Co. v. Heiner (D. C.) 34 F.(2d) 513; United States v. Kemp (C. C. A.) 12 F. (2d) 7.

There is much to be said upon the second point in favor of petitioner's view that the case should be here treated as though the Board did in effect find that the salary allowances were reasonable, and did find them deductible, except as the view which they took of the law prevented, and that, the law having been otherwise declared, petitioner should now have judgment.

█ We are of the opinion, however, since the Board did not make any affirmative fact findings in the matter of the reasonableness of the salaries, either primarily or ultimately, that this court should follow neither the suggestion of petitioner nor of the respondent, should neither affirm nor reverse finally the Board's decision, but should reverse and remand the cause to the Board for a rehearing and precise finding and determination of these matters which its findings do not definitely dispose of. Francisco Sugar Co. v. Commissioner (C. C. A.) 47 F.(2d) 555; Avery v. Commissioner (C. C. A.) 22 F.(2d) 7, 55 A. L. R. 1277; Blair v. Oesterlein, 275 U. S. 225, 48 S. Ct. 87, 72 L. Ed. 249.

Reversed and remanded for rehearing.