**HARTWELL MILLS v. ROSE, Collector of Internal Revenue.**

No. 6444.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1932.

Granger Hansell, W. A. Sutherland, and Joseph B. Brennan, all of Atlanta, Ga., for appellant.

C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, Henry C. Clark, Herbert S. Fessenden, and Lester L. Gibson, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., and C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

This suit, based on the Revenue Act of 1928, 45 Stat. 795 (26 USCA § 2001 et seq.), was brought September 30, 1930, to recover as overpayments additional taxes for the years 1919 and 1920 assessed before June 2, 1924, and paid, after pleas in abatement had been filed, the payment of the taxes had been stayed, and a portion of the assessments had been abated, in 1926, more than five years after the returns for the years in question had been filed.

Filed before the decision of the Supreme Court in Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415, had caught up and unified the streams of ten-

dency which litigation in the different circuits over the validity, the meaning, the scope and effect of sections 607 and 611 of the act, 26 USCA §§ 2607, 2611 [1] had set up, it seemed at first to ground itself on the theory which found support in U. S. v. Burden, Smith & Co. (C. C. A.) 33 F.(2d) 229, that section 611 did not apply to payments made beyond the bar, though there had been an assessment before June, 1924, and the collection of the tax had been voluntarily stayed by the filing of a plea in abatement.

As it stands now after the amendment of July 16, 1931, asserting for the first time that the assessments under which the additional taxes were collected were invalid and therefore no assessments, because made while an appeal was pending, it presents the questions (a) whether it is the fact or the form of the assessment with which section 611 is concerned; (b) whether plaintiff is in a position to raise the question of validity.

The District Judge saw no merit in plaintiff's claim. Considering the case precisely ruled by section 611, he instructed a verdict for the defendant. We think he was right. A brief statement of the material facts, all of which are undisputed, will, we think, serve to show the correctness of this view.

Appellant, a taxpayer, made timely returns showing taxes due for the years 1919 and 1920. In March, 1924, notified of a proposed additional assessment and of its right to file an appeal within thirty days, it did file an appeal and protest. Before any action had been taken on the appeal, the Commissioner, on May 24, 1924, assessed additional taxes, for the years 1919 and 1920, respectively $10,424.25 and $2,718.80. On July 19, 1924, under express authority and direction from the Department to do so, plaintiff

filed claims in abatement, and the collection of the tax was stayed. These claims resulted in abating $429.25 from the 1919 and $799.99 from the 1920 assessments, and on January 30, 1926, plaintiff paid the deficiencies as abated.

On February 2, 1928, claims for refund were filed. They stated the filing of the returns, the proposed deficiency assessments, the filing of the appeals, the May assessments, the abatement of part of each of the assessments, and their payment as abated. Making no reference to the claims in abatement it had filed, it alleged that it never consented in writing or otherwise to an assessment, or the collection of additional taxes after five years. Of the additional assessments it said: "On June 17, 1924, the Collector wrote the taxpayer 'you are advised that the Commissioner has made additional assessments against you for 1919 and 1920 as shown by regular form notice herewith, Serial May 9, 1924 Line 3.' It is apparent that the assessments were made by the Commissioner in May, 1924, and these were listed on page 9, Line 3 of the May List of Assessments." The prayer of the claim was that the additional tax be refunded "on the authority of Bowers v. N. Y. & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676." On October 5, 1928, the claims for refund were denied.

What occurred between the Commissioner and the taxpayer thereafter does not appear in the record, except that on August 26, 1930, the Commissioner, replying to a letter from the taxpayer, dated July 29, 1930, in which the claim was made that "legally there was no abatement claim filed, inasmuch as the assessment was not a jeopardy assessment, and there is no provision in law for a claim in abatement except in case of such assessment," advised the taxpayer that the claim for refund was rejected under the provisions of section 611, Revenue Act of 1928; that the assessment was a jeopardy assessment; that the abatement claim was legally accepted; and that it had stayed the collection of the tax.

On September 30, 1930, this suit was filed. The petition set up the claim substantially as the claim for refund had already set it out, except that the petition negatived the claim of the Commissioner that the assessments were jeopardy assessments.

Defendant, on May 29, 1931, after the Graham Case had established the validity and the general scope of section 611, and that it

---

[1] Section 607: "Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after May 29, 1928 [the enactment of this Act]) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim." (26 USCA § 2607.)

Section 611: "If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after May 29, 1928 [the enactment of this Act]) shall not be considered as an overpayment under the provisions of section 2607 [607], relating to payments made after the expiration of the period of limitation on assessment and collection." (26 USCA § 2611.)

must be read with section 607 as a qualification of it, answered, admitting the material facts to be substantially as hereinbefore set out, and asserting that the making of the assessments, the filing of the abatement claims, the staying of the collections, and the payment of the assessments as abated in 1926, all exactly as provided for in section 611, prevented plaintiff's claiming that it had overpaid its taxes. On July 16, 1931, plaintiff amended its petition, alleging for the first time that the additional assessments under which the taxes in question have been paid, having been made before petitioner's appeal had been acted on, were null, void, and illegal, and therefore not assessments, within the meaning of the qualifying section.

In addition to its contention on the merits, appellee urges here that the invalidity of the assessments may not now be made a ground of recovery, both because this point was not made in the claims for refund, and because, having been first urged in 1931 by amendment, more than five years after the payment of the tax, it constitutes a new cause of action, the assertion of which is barred by limitation.

Appellant replies that the invalidity of the additional assessments is no part of its affirmative case, and that therefore its amendment setting this up by way of replication to defendant's answer pleading defensively the exceptions to the bar contained in section 611 cannot constitute a new cause of action. That it is upon section 607 declaring without qualification that overpayments arise whenever taxes are collected beyond the bar, and not upon section 611, that plaintiff's suit is founded. That plaintiff's case before the Commissioner and before the court was made out by pleading and proof that the taxes were paid after the limitation period.

As to the alleged insufficiency of the claim for refund filed with the Commissioner, it declares that its claim was filed before the enactment of section 611. That besides, if its claim was insufficient, no point was made upon its insufficiency by the Commissioner; the claim was disposed of on the merits, and such insufficiency, if any, as it had has been waived. Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253; Snead v. Elmore (C. C. A.) 59 F.(2d) 312.

We think it quite clear that plaintiff has mistaken the nature and effect of section 611 and its relation to section 607 as a qualifying clause (Graham & Foster v. Goodcell supra); that the two sections, taken together, require one, claiming an overpayment, to make out a case falling within the terms of section 607 as qualified by that section; that it is an essential part of plaintiff's case to show that the payments claimed as such were not made under the circumstances set out in section 611, and therefore the government is right in its position that the point now sought to be made does present an issue not asserted in the claim for refund; and that the petition now asserting that, because invalid, they were not assessments, the exact contrary of what had all along been asserted and acted upon, does assert a new cause of action. Because, however, the Commissioner and the District Judge considered and decided the claim on its merits, and because we think it cannot be doubted that they were both right in saying that section 611 exactly covers plaintiff's case, and shows that there was no overpayment, we shall dispose of the case, as they did, on its merits.

This is a suit for money had and received, equitable in its nature and grounds. It proceeds upon the principle that, where one person has received money or its equivalent under such circumstances as that ex æquo et bono it belongs to another, and that in equity and good conscience he ought not to retain it, he will not be allowed to do so. J. W. Carter Music Co. v. Bass (D. C.) 20 F.(2d) 390; Duffin v. Lucas (C. C. A.) 55 F.(2d) 786; Champ Spring Co. v. U. S. (C. C. A.) 47 F.(2d) 1; Lewis v. Reynolds (C. C. A.) 48 F.(2d) 515.

In order to recover in such a case, plaintiff must show either upon substantial considerations equitable in their nature, or because plaintiff's case falls within some provision of the positive law [and, where the matter involves the claim that by statute plaintiff is relieved from paying taxes otherwise due, it must precisely show this; Producers' Creamery Co. v. U. S. (C. C. A.) 55 F.(2d) 104; Heiner v. Colonial Trust Co., 275 U. S. 232, 48 S. Ct. 65, 72 L. Ed. 256; Insurance & Title Guarantee Co. v. Commissioner (C. C. A.) 36 F.(2d) 842, 843], that defendant is withholding money to which plaintiff is entitled. Mere formal defects in assessment or collection will not avail the taxpayer. Schafer v. Craft (D. C.) 144 F. 907; Bailey v. New York C. & H. R. R. Co., 22 Wall. (89 U. S.) 604, 22 L. Ed. 840; Champ Spring Co. v. U. S. (C. C. A.) 47 F.(2d) 1; Routzahn v. Petroleum Iron Works Co. (C. C.

A.) 56 F.(2d) 938; Magee v. U. S., 282 U. S. 432, 51 S. Ct. 195, 75 L. Ed. 442. In such a case it is even held that, where a recomputation made after the bar has fallen, and therefore too late to form the basis of a reassessment, shows that additional amounts in excess of the overpayments were justly due, the claim of the taxpayer will be denied. Lewis v. Reynolds, 284 U. S. 282, 52 S. Ct. 145, 76 L. Ed. 293.

"Taxation, as it has been many times said, is an eminently practical matter." Tyler v. U. S., 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758. It has to do with matters, the great majority of which ought to be and usually are, disposed of informally, and where rights have been substantially preserved proceedings will not be defeated by defects in form. Independent I. & C. Storage Co. v. Commissioner (C. C. A.) 50 F.(2d) 31. Especially is it true that, where the government and the taxpayer, by acquiescence in the manner of performing an act, have given a definite character and effect to it, the taxpayer will not be permitted, after deriving benefits from this acquiescence, to deny this character and effect to it, or to change his position at the government's expense. Magee v. U. S., 282 U. S. 432, 51 S. Ct. 195, 75 L. Ed. 442; Independent I. & C. Storage Co. v. Commissioner, supra; Lucas v. Hunt (C. C. A.) 45 F.(2d) 781; Florsheim Bros. Drygoods Co. v. U. S., 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542; Stange v. U. S., 282 U. S. 271, 51 S. Ct. 145, 75 L. Ed. 335; Liberty Baking Co. v. Heiner (D. C.) 37 F.(2d) 703; Pittsburgh Terminal Coal Corp. v. Heiner (D. C.) 56 F. (2d) 1072.

Estoppel, however, aside, we think it plain that in substance plaintiff has not made out a case. Its payments, within the spirit and intent, indeed within the very letter, of section 611, are not overpayments. Here are assessments actually made before June 2, 1924, within the period of limitation applicable, claims in abatement actually filed, collection of taxes actually stayed, abatement of part of the assessments actually made, taxes as abated actually paid before the passage of the act. Section 611 looks to, it deals practically with, actualities. Plaintiff's case completely satisfies it.

The judgment is affirmed.

WALKER, Circuit Judge, concurs in the result.