## WISE & COOPER CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 2551.

Circuit Court of Appeals, First Circuit.

Nov. 21, 1931.

Clyde L. Rogers, of Washington, D. C. (Manton M. Wyvell, of Washington, D. C., on the brief), for petitioner.

Morton K. Rothschild, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to Atty. Gen., on the brief), for Commissioner of Internal Revenue.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

WILSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals in affirming a determination by the Commissioner of Internal Revenue that the taxpayer was not entitled to have its excess profits taxes for the year 1920 assessed under sections 327 and 328 of the Revenue Act of 1918 (40 Stat. 1093), and of the refusal of the Board to grant the taxpayer a rehearing on the ground of newly discovered evidence and on an amended petition.

 Whether a taxpayer's excess profits should be determined under sections 327 and 328 of the Revenue Act of 1918 was, in the first instance, a matter resting within the administrative discretion of the Commissioner. Duquesne Steel Foundry Co. v. Burnet, 283 U. S. 799, 51 S. Ct. 491, 75 L. Ed. 1422; Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985.

The Supreme Court in Williamsport Wire Rope Co. v. United States, supra, page 562, of 277 U. S., 48 S. Ct. 587, 590, said: "We conclude that the determination whether the taxpayer is entitled to the special assessment was confided by Congress to the Commissioner, and could not, under the Revenue Act of 1918, be challenged in the courts—at least in the absence of fraud or other irregularities."

We are unable to determine from the record that the Commissioner in his findings, or the Board of Tax Appeals in affirming his decision in this respect, abused such discretion, as no fraud or other irregularity is charged against the Commissioner, or against the Board of Tax Appeals.

 The taxpayer, after the decision of the Board, filed a petition for rehearing, based on alleged newly discovered evidence, which petition was denied by the Board on the ground that the evidence was not newly discovered.

The record discloses that the witnesses through whom the taxpayer proposed to present the newly discovered evidence both testified before the Board. It also appears in the findings of fact by the Board that the hearing before the Board was continued from time to time for nearly a year, and at the request of the taxpayer. There is no suggestion that further continuance would not have been granted, if requested by the taxpayer. We think that the Board, in the exercise of its discretion in refusing a rehearing upon the facts set forth in the affidavit of counsel, cannot be said to have acted arbitrarily or capriciously, but according to well-established principles of law.

If hardship is thereby imposed upon the taxpayer, it appears to be the result of its own fault.

The order of the Board of Tax Appeals is affirmed.