CAMERON v. COMMISSIONER OF INTER-
NAL REVENUE (two cases).

DENEGRE v. SAME.
Nos. 4589–4591.

Circuit Court of Appeals, Third Circuit.
Feb. 29, 1932.

J. Robert Sherrod, and B. E. Hinton, both of Washington, D. C. (Miller & Chevalier, of Washington, D. C., of counsel), for petitioners.

G. A. Youngquist, Asst. Atty. Gen., Hayner N. Larson, of Washington, D. C., and A. D. Sharpe and Sewall Key, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

There are three cases here, involving income taxes for the year 1922, on petition for review from an order of redetermination of the United States Board of Tax Appeals. These cases were consolidated for hearing and decision. 20 B. T. A. 305.

For a number of years prior to 1920, Alpin J. Cameron and William P. Denegre were partners trading in Pennsylvania, as wool spinners, under the name of A. J. Cameron & Co. In 1920, Alpin W. Cameron, the son of Alpin J. Cameron, was made entitled to receive a quarter share of the partnership's earnings. At this time the father gave the son a $250,000 interest in the assets of the firm. The gift was accomplished by transferring that amount on the books of A. J. Cameron & Co. from the father's capital account to a similar account of the son. No revaluation of assets was made by A. J. Cameron & Co.

The several taxpayers contend that a new partnership resulted from the gift to Alpin W. Cameron and that the allowance for depreciation of the partnership should be determined on the basis of the fair market value of the assets contributed to the partnership on that date.

The Board felt that, even if a new partnership was actually formed on January 1, 1920, then there was no basis for a new rate of depreciation, for there was no new cost to the old partners and no evidence of the identity of the particular part of the depreciable assets which the new partner had acquired.

Assuming the conclusion of the Board on this theory of the case to be right, yet the same conclusion may be reached on the ground that the transfer of part of the assets by the father to the son did not constitute a dissolution of the partnership.

The real question in this case is whether or not on any ground there should be a re-valuation of the assets of the partnership trading under the name of A. J. Cameron & Co. because of the admission of the son as a partner on January 1, 1920.

Section 218 (a) of the Revenue Act of 1921 (42 Stat. 227, 245) provides that partners shall be liable for income tax only in their individual capacities and that the net income of each partner shall include his distributive share of the net income of the partnership.

The net income of a partnership is computed as if the partnership were an individual. Section 218 (c), Revenue Act of 1921 (42 Stat. 227).

Section 214 (a) of the Act of 1921 (42 Stat. 239) provides:

"That in computing net income there shall be allowed as deductions: * * *

"(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. In the case of such property acquired before March 1, 1913, this deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913. * * * *"

■■■ This case arose in Pennsylvania, and the laws of that commonwealth as to what constitutes the dissolution of a partnership control. The statute provides that the "conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership, nor, as against the other partners in the absence of agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration." P. L. 18, part. 5, § 27, March 26, 1915 (59 PS § 74). There is nothing in the evidence to indicate that the conveyance of a part of his interest in the partnership by the father to the son was intended by any one to work a dissolution. This was the ordinary case of the admission of a son into the business without the thought on the part of any one to dissolve the partnership. The Supreme Court of Pennsylvania has passed upon this exact question and held that such a conveyance as we have here from father to son does not dissolve the partnership. White v. Long, 289 Pa. 525, 137 A. 673.

■ There is no new partnership, no new assets, and hence no reason for the allowance of a new rate for the depreciation of the partnership assets. So far as we can ascertain, the situation was changed only in that the son received a part of the earnings of the partnership that had hitherto gone to the father.

The second question is whether or not the Board was justified in its finding of the value of the assets of the partnership as of March 1, 1913. It found that their value on that date was $300,782.34. It arrived at this figure by taking the cost of the assets then owned, which was $429,689.06, less depreciation of $128,906.72. The controversy here is over the amount of depreciation to be allowed. The amount allowed by the Commissioner and Board was taken from the books of the partnership. This amount was fixed by the partnership in the ordinary course of business when there was nothing to influence its complete accuracy. Several witnesses of the petitioner say that the depreciation was not so much, and so, according to their appraisal made in 1926, the value of the partnership assets on March 1, 1913, was $396,000 or $397,000. The evidence gave the Board the alternative of accepting the retrospective appraisal of the taxpayer's witnesses, made in 1926, on the basis of cost of reproduction less an estimated amount for depreciation, or cost as reflected by the partnership books less a fair rate of depreciation to March 1, 1913. The Board chose the latter as the fair market value of the partnership assets on that date.

■ Administrative findings on issues of fact are accepted by courts as final if there was substantial evidence to support them and no irregularity in the proceedings. Phillips v. Commissioner of Internal Revenue, 283 U. S. 589, 600, 51 S. Ct. 608, 75 L. Ed. 1289. The taxpayers themselves laid emphasis on the accuracy of their plant accounts, and we think that their records, kept in ordinary course of business, are sufficient evidence to support the Board's findings.

■ Finally, the taxpayers contend that the Board was in error in affirming the action of the Commissioner, in determining the depreciation allowance for 1920 and 1921, in eliminating certain items of machinery and equipment in the amount of $464,607.67 from the depreciable assets account as of December 31, 1919.

The evidence establishes that these eliminated items were not only in use in 1921, but were also giving satisfactory service in 1926. But "the amount of the allowance for depreciation is the sum which should be set aside for the taxable year, in order that, at the end of the useful life of the plant in the business, the aggregate of the sums set aside will (with the salvage value) suffice to provide an amount equal to the original cost." United States v. Ludey, 274 U. S. 295, 300, 47 S. Ct. 608, 610, 71 L. Ed. 1054. Obviously, the taxpayers are not entitled to a double deduction for the same capital assets, and, if the fact is, as the Board found, that the assets have been fully depreciated, the taxpayers can no longer rightfully claim an allowance for depreciation even though such assets continue to give useful services.

In eliminating the items from the depreciable assets account, the Commissioner used a depreciation reserve which had in part accumulated prior to March 1, 1913, but that was accounted for in determining the March 1, 1913, value. This value and the cost of some property subsequently acquired were returned, save for a small amount remaining in 1920, by large depreciation allowances between March 1, 1913, and December 31, 1919. These assets had been fully depreciated on the partnership books, and for those years the Commissioner had allowed the rate claimed by the taxpayers except for some reduction in the rate for 1917, 1918, and 1919.

The Board has carefully considered the questions, and its conclusions are evidently correct. Its order of redetermination is affirmed.