## CARROLL v. COMMISSIONER OF INTERNAL REVENUE.

## COMMISSIONER OF INTERNAL REVENUE v. CARROLL.

### No. 7228.

Circuit Court of Appeals, Fifth Circuit.
April 26, 1934.

. FOSTER, Circuit Judge, dissenting in part.

Palmer Hutcheson, of Houston, Tex., and Moultrie Hitt and G. Kibby Munson, both of Washington, D. C., for taxpayers.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and J. P. Jackson, Sp. Assts. to Atty. Gen., and E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and J. M. Leinenkugel, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for the Commissioner of Internal Revenue.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.
Prior to September 15, 1919, a partnership, under the name W. T. Carter & Bro., existed, the members of it being W. T. Car-

ter, E. A. Carter, and Jack Thomas, who were residents of Texas. That partnership had been in existence since prior to the year 1913, and was, and always had been, engaged in the manufacture and sale of lumber at wholesale. It owned, in addition to other property and assets, growing timber; its timber assets having been acquired prior to March 1, 1913. By deed of gift made on September 15, 1919, by W. T. Carter and his wife, who owned in community more than 85 per cent. interest in the partnership, each of their six children became the owner of an undivided interest equal to 10.7995 per cent. of the assets of the partnership. On September 16, 1919, a new partnership was formed which was called by the same name as the old one and continued uninterruptedly the business conducted by the latter, the members of the old partnership continuing to have interests in the new one, and each of the six children of W. T. Carter and his wife having a 10.7995 per cent. interest in the new partnership, which succeeded to the property and business of the old one. In each of the years 1923, 1924, and 1925, the firm cut from its timberlands ascertained numbers of feet of timber, and in each of those years ascertained numbers of feet of timber were cut by the Chester Lumber Company under an agreement whereby said Company was to, and did, pay the partnership $10 per thousand feet. In redetermining the income tax liability of those who shared in the income and profits of the new partnership in the years 1923, 1924, and 1925, the Board of Tax Appeals decided that the basis for the allowance to each of those persons for depletion of timber was the value of the undivided interest in the timber on March 1, 1913, which value was found to be substantially less than the value of a like undivided interest on September 15, 1919; and that the timber which was sold as above stated after having been held by the taxpayers more than two years prior to the sale was a capital asset; and that the gain thereon was a capital gain under section 206 (a) of the Revenue Act of 1921 (42 Stat. 232), and section 208 (b) of the Revenue Acts of 1924 and 1926 (26 USCA § 939 note). By petition for review J. J. Carroll, the husband of one of the daughters of W. T. Carter, and as such having a community interest in the profits of an undivided interest in the partnership, challenges the first above-mentioned ruling. By petition for review the Commissioner of Internal Revenue challenges the other above-mentioned ruling.

The applicable statutes provide that individuals carrying on business in partnership shall be liable for income tax only in their individual capacity, and that there shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, if his net income for such taxable year is computed upon the basis of the same period as that upon the basis of which the net income of the partnership is computed. 26 USCA § 959 (a). Applicable statutes required every partnership to make a return for each taxable year, stating specifically the items of its gross income and the deductions allowed by the title of which that provision was a part. 26 USCA § 965. In computing the net income of a partnership there was allowable as a deduction "in the case of * * * timber, a reasonable allowance for depletion, * * * according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the commissioner, with the approval of the Secretary." 26 USCA §§ 955 (a) (9), 959 (c). An applicable statute provided:

"(a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that— * * *

"(4) If the property was acquired by gift or transfer in trust on or before December 31, 1920, the basis shall be the fair market value of such property at the time of such acquisition. * * *

"(c) The basis upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property * * *." 26 USCA § 935.

The gift to each of the children of W. T. Carter and wife of an undivided interest in the assets of the old partnership had the effect of vesting in the donee ownership of that undivided interest, and of dissolving that partnership. Moore v. Steele, 67 Tex. 439, 3 S. W. 448; White v. McNeil (Tex. Civ. App.) 294 S. W. 928; Keith & Son v. Ham, 89 Ala. 590, 7 So. 234. It has been held that there is no reason for the allowance of a new rate for the depreciation of partnership assets when a partner conveys his interest in the partnership, but there is no new partnership and no new assets, under the applica-

ble law such a conveyance by a partner of his interest in the partnership not having the effect of dissolving the partnership. Cameron v. Commissioner (C. C. A.) 56 F.(2d) 1021. That decision dealt with a state of facts, which, under the applicable law, was materially different from the one presented in the instant case. Under the law applicable in the instant case the mentioned gift had the effect of dissolving the old partnership; and it was disclosed that the result was recognized by all parties who, after the making of such gift, owned interests in the assets of the old partnership, by their execution of a written instrument, dated September 16, 1919, whereby, as stated in that instrument, "the parties hereto, owning all of the assets of said partnership of W. T. Carter & Bro., which has existed up to this time, have united, and hereby unite their interest in and ownership of said assets and constitute them the assets of a new partnership to be known as 'W. T. Carter & Bro.'" That instrument contained the provision: "This partnership shall date from the close of business of the partnership of W. T. Carter & Bro., September 15, 1919, and its accounting shall begin at that point." Results of the formation of the new partnership were that each of the members of the old partnership contributed to the new partnership an undivided property interest which he owned prior to the dissolution of the old partnership, and that the undivided property interests which were acquired under the above-mentioned deed of gift also were contributed to the new partnership. The ownership by the members of the new partnership of their respective undivided interests in its assets and business, as well those who were not as those who were members of the old firm, was subject to the rights of the members of the old firm and its creditors to have the assets of the old firm applied to the payment of its debts. Case v. Beauregard, 99 U. S. 119, 25 L. Ed. 370; Fitzpatrick v. Flannagan, 106 U. S. 648, 1 S. Ct. 369, 27 L. Ed. 211; Oliphant v. Markham, 79 Tex. 543, 15 S. W. 569, 23 Am. St. Rep. 363. The income of a partnership being taxable, not against the partnership, but against the individuals composing it, and each partner's distributable share, whether distributed or not, of the net income of the partnership for the taxable year being required to be included in computing his net income, what is so required to be included in the case of any partner is the income accruing or arising, during the taxable year, from his undivided interest in the partnership property and business. A partnership's income not being taxable against the partnership, it is to be inferred that the requirement that every partnership shall make a return as to its income for each taxable year was intended to serve the purpose of furnishing information for use in computing the income of the several partners. No provision of the applicable income tax statutes which has come to our notice indicates a purpose to treat a partnership as an entity whose identity remains unchanged notwithstanding the sale or transfer to one not previously a member of the partnership of the whole or a part of the interest therein of one or more of the partners. Article 1603 of Treasury Regulation 69, promulgated under the Revenue Act of 1926, which deals with the subject of "Readjustments of partnership interests," contains the following: "Whenever a new partner is admitted to a partnership or any existing partnership is reorganized, the facts as to such change or reorganization should be fully set forth in the next return of income, in order that the Commissioner may determine whether any gain or loss has been realized by any partner." The quoted provision was carried forward from Treasury Regulations promulgated under the Revenue Act of 1921 and the Revenue Act of 1924. Article 1603 of Treasury Regulation 62 and Treasury Regulation 65. Provisions of that Regulation indicate that tax officials construed the statutes under which the Regulation was promulgated as contemplating that the computation of the income taxes of the several partners who share in the net income of a partnership during a taxable year may be affected by differences in the dates of the acquisition by the several partners of their respective interests in the partnership and its property. The provision (26 USCA § 959 (c) to the effect that, with an exception not here material, the net income of a partnership shall be computed in the same manner and on the same basis as provided in the case of an individual, and that the distributive share of each partner shall be shown in the required partnership return, indicates that each partner's distributive share of the partnership income is to be computed in the same way as it would have been if the source of the income had been other than an undivided interest in a partnership. We think it follows that the basis for determining the amount of deduction for depletion of timber allowable to each of the persons who, under the above-mentioned gifts, acquired an undivided interest in the assets contributed to the new partnership, was the fair market value of that undivided interest at the time it was so

acquired by gift. We discover no good reason for concluding that a different result is brought about by the fact that a different basis is required to be used in determining the amount of the deduction for depletion of timber allowable to other persons (those who were partners in the old firm) who owned undivided interests in the assets of the new partnership. Such undivided interests which were contributed to the new partnership by members of the old partnership having been acquired by them prior to March 1, 1913, the basis for determining the amount of the deduction in question allowable to each of the persons who was a member of the old partnership was the cost of his retained undivided interest, or the fair market value, as of March 1, 1913, of that interest, whichever is greater. 26 USCA § 935 (b), (B). The assets of the old partnership having been distributed in kind, as to the members of that partnership no new basis was established. Treasury Regulation 69, Article 1603. The basis for determining the charge against gross income on account of timber depletion in the case of a donee of the timber who acquired his right thereto in September, 1919, is different from that in the case of the owner of a similar timber interest which he acquired by purchase prior to March 1, 1913, the value of the timber having been less on the latter date than it was on the former. We are aware of nothing which would justify a failure to recognize that different bases are applicable in the cases of two taxpayers so situated, whether each of them has an undivided interest in the timber on one tract or body of land, or each of them is the sole owner of the timber for a depletion of which he claims a deduction from his gross income. For reasons above indicated we conclude that the first above mentioned ruling was erroneous.

If the dispositions of timber in the taxable years 1923, 1924, and 1925 were sales of capital assets as defined by applicable statutes (26 USCA § 939 note; 42 Stat. 227; 43 Stat. 253), the second above mentioned ruling was proper, a net gain having resulted from each of those dispositions. In behalf of the Commissioner of Internal Revenue that ruling was challenged on the ground that the record does not show that those dispositions were sales of timber which occurred during the taxable years mentioned. That contention is based upon the failure of the record to show that the agreement under which the Chester Lumber Company cut and paid for timber was a contract of sale. Findings of fact made by the Board of Tax Appeals are to the effect that in each of those years the Chester Lumber Company cut a stated number of feet of timber under an agreement whereby it was to pay the partnership of W. T. Carter & Bro., at the rate of $10 per thousand as cut. It seems quite plain that the Chester Lumber Company became the purchaser of the timber by cutting it pursuant to the agreement and thereby becoming liable for the stipulated price, whether that agreement was a contract of sale or was one granting an option to buy, which was exercised. Foster v. Commissioner of Internal Revenue (C. C. A.) 57 F.(2d) 516. We think there is no substance in the contention under consideration. It was rather faintly contended by counsel for the Commissioner of Internal Revenue that the timber disposed of by the partnership to the Chester Lumber Company was not included in the "capital assets" of the partnership, as the quoted words are defined in section 206 (a), (6), of the Revenue Act of 1921 (42 Stat. 227, 233), in section 208 (a) (1) of the Revenue Act of 1924, and section 208 (a) (8) of the Revenue Act of 1926. 26 USCA § 939 note. The above-cited section of the Revenue Act of 1921, which was applicable in computing income in the year 1923, defines "capital assets" as follows: "The term 'capital assets' as used in this section means property acquired and held by the taxpayer for profit or investment for more than two years (whether or not connected with his trade or business), but does not include property held for the personal use or consumption of the taxpayer or his family, or stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year." The following is the definition of those words contained in the above cited sections of the Revenue Acts of 1924 and 1926, (which were applicable in computing income in the years 1924 and 1925): "The term 'capital assets' means property held by the taxpayer for more than two years (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale in the course of his trade or business." The business in which the partnership was engaged was that of manufacturing lumber and selling it at wholesale. Its timber land or standing timber came within each of the above quoted definitions, and did not come within any exception stated in either of those definitions. It was not part of

the business of the partnership to buy and sell or trade in timber land or standing timber. The timber land or standing timber was not included in its stock in trade, would not properly be included in its inventory if on hand at the close of a taxable year, and was not held by it primarily for sale in the course of its trade or business. The timber was part of the partnership's capital assets, as much so as one of its sawmills which might advantageously be disposed of because it had ceased to be profitable or conveniently located. Doyle v. Mitchell Brothers Co., 247 U. S. 179, 187, 38 S. Ct. 467, 62 L. Ed. 1054. At the election of the taxpayers the profits resulting from the sales of timber to the Chester Lumber Company were taxable under the capital net gain provisions above referred to. The ruling of the Board of Tax Appeals to that effect was not erroneous.

The petition for review filed by the Commissioner of Internal Revenue is denied. J. J. Carroll's petition for review is granted, the order under review is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

FOSTER, Circuit Judge (dissenting).

I concur in so far as the petition of the Commissioner is denied, but I am unable to agree in the conclusions of the majority as to the other petition.