**HELVERING, Commissioner of Internal Revenue, v. ARCHBALD.**

No. 363.

Circuit Court of Appeals, Second Circuit.

May 14, 1934.

Frank J. Wideman, Asst. Atty. Gen., John H. McEvers and Sewall Key, Sp. Assts. to Atty. Gen., for petitioner.

Joseph H. Morey, of Buffalo, N. Y. (Morey & Schlenker and David T. Murray, all of Buffalo, N. Y., of counsel), for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The facts in this case are like those in Helvering v. Walbridge, except that on November 2, 1928, that is, during the first of the two years in question, a new partner was taken into the firm. The Commissioner argues that this necessarily involved a dissolution of the old firm and the formation of another, and that a gain was "realized" at that time. Whatever was the rule at common law, the entrance of a new partner with the consent of all the old partners is not now a cause of dissolution under the Partnership Law of New York (Consol. Laws N. Y. c. 39) § 62. Cameron v. Com'r, 56 F.(2d) 1021 (C. C. A. 3). Of course it is true that de facto a new firm is inevitably formed when a new partner is taken in, even though, as here, that event is provided for in the original articles and the agreement admitting him declares that the old articles shall continue in effect. But, if the strict logic of the situation were followed out, it would make no difference. We should then say that the old firm was dissolved and the partners became entitled to their dividends in liquidation. These remained quite as indeterminate as before the formal dissolution; they had changed only in that they were no longer subject to continued use by the firm; that is, they would have been, had it not been for the mutual agreement that they should not be liquidated, but should be at once used as they stood in all their uncertainty as contributions to the new firm made up of the old partners and the new one. In such a setting, obviously the dissolution of the firm resulted in the receipt by the partners individually of nothing having a "fair market value."

Order affirmed.