## FRITZ et al. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 7282.

Circuit Court of Appeals, Fifth Circuit.

March 25, 1935.

Harry C. Weeks, of Wichita Falls, Tex., for petitioners.

Frank J. Wideman, Asst. Atty. Gen., Norman D. Keller, Sewall Key, and L. W. Post, Sp. Assts. to Atty. Gen., and Jacob M. Leinenkugel, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for respondent.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

In the beginning of the year 1926 a Texas partnership called Staley & Wynne, then engaged in oil production, sold its producing properties at a large profit to Humble Oil & Refining Company. Its remaining undeveloped or unproductive properties with tools and equipment and miscellaneous assets were on April 1st passed to a new firm then formed composed of members of the old firm. The difference in the firms was that J. A. Staley, trustee, had $\frac{1}{24}$ interest in the old firm and none in the new; J. I. Staley's $\frac{15}{24}$ interest in the old was reduced to $\frac{13}{24}$ in the new, while J. C. Wynne's $\frac{5}{24}$ interest in the old firm became $\frac{6}{24}$ in the new and L. W. Fritz's $\frac{3}{24}$ was raised to $\frac{4}{24}$. J. E. Hall's interest remained unchanged. The transfer of the property was for a consideration of $70,000 as entered on the books of each firm, but its depreciated cost to the old firm was $180,000. The difference of $110,000 was claimed as a realized loss by the old firm. The Commissioner disallowed it as a partnership loss, but allowed individual deductions to J. I. Staley and J. A. Staley, trustee, in proportion to the fractional interests in the partnership relinquished by each. The Board of Tax Appeals refused to interfere. 28 B. T. A. 408. Six weeks after the decision a motion to reopen the case for further evidence was made and denied, and this consolidated petition for review by all the partners followed.

The facts above stated are unquestioned. The board thought it not proven that the passing by the old firm to the new one of its residual property was a real sale in good faith in which the consideration was actually to be collected rather than a mere reorganization of the partnership. The pleadings before the board presented the matter thus: The allegation that Staley & Wynne sold this property to Staley, Wynne & Co. at and for the sum of $70,000 was denied, and likewise denied was the allegation that the sale was for an adequate consideration and bona fide and resulted in loss. The allegation that "Staley,

Wynne & Company, the purchaser of said assets, was composed of the following individuals," naming them and their interests was admitted, but, fairly construed, this admission did not extend to the reality and good faith of the sale, which were previously denied, but only to the composition of the new firm. The issues of fact thus made were covered only by this stipulation: "On or about April 1st, 1926, the partnership of Staley, Wynne & Company was formed and the above mentioned assets owned by Staley & Wynne were transferred to the new partnership for $70,-000. * * * The consideration of $70,-000 was not paid in cash, but was entered on the books of Staley & Wynne as an account receivable and on the books of Staley, Wynne & Co. as an account payable." Tax returns were made on the accrual basis. Taking this to be the whole truth, the board considered it a mere book transaction and adjustment of partners' interests, the new firm going forward with the business of the old. We should not upset this finding of fact unless the board abused its discretion in refusing to reopen the case for further evidence. We recognize on the one hand that the board has discretion as a quasi court touching the reopening of its proceedings. Bankers' Pocahontas Coal Co. v. Burnet, 287 U. S. 308, 309, 53 S. Ct. 150, 77 L. Ed. 325; Weiler v. Commissioner (C. C. A.) 64 F.(2d) 480; Wise & Cooper Co. v. Commissioner (C. C. A.) 53 F.(2d) 843; Washburn Wire Co. v. Commissioner (C. C. A.) 67 F.(2d) 658, 659. And on the other hand our power and responsibility on review extend to the requirement of further trial when error of law, surprise, or arbitrary action makes it proper. Helvering v. Taylor, 293 U. S. 507, 55 S. Ct. 287, 79 L. Ed. —; Independent Ice & Cold Storage Co. v. Commissioner (C. C. A.) 50 F.(2d) 31; Underwood v. Commissioner (C. C. A.) 56 F.(2d) 67. Here the issue of fact was clearly drawn by the pleadings, and the evidence about it was agreed on. It was not agreed that there was a sale, but a transfer of the property, and that no money was paid, but book entries only were made. The motion to reopen the case stated no specific evidence to be offered and no additional fact to be proven, but was wholly general. It was, in truth, a reargument of the case on the evidence already before the board. We do not now know that the petitioners have any additional evidence which they could offer. The board was not bound to rehear the case on a general motion of this sort.

█ But on the agreed facts it is still contended that the transfer of partnership interests from the Staleys to Fritz and to Wynne involving the retirement of Staley, trustee, dissolved the old partnership and necessarily made the transaction a real sale from firm to firm and necessitated the collection of the $70,000 consideration. It is true that either the retirement of a partner or the sale or gift of a partner's interest to a third person is said at common law and in Texas to dissolve the old partnership. 20 R. C. L., Partnership, § 178; Moore v. Steele, 67 Tex. 435, 3 S. W. 448; Euless v. Tomlinson (Tex. Civ. App.) 38 S. W. 534; Carroll v. Commissioner (C. C. A.) 70 F.(2d) 806. It is otherwise in some other States. Cameron v. Commissioner (C. C. A.) 56 F.(2d) 1021; Helvering v. Archbald (C. C. A.) 70 F.(2d) 720. In the common-law view of a partnership the partners are joint owners of the assets, joint debtors for its obligations, and agents for one another in the conduct of the business. There is a complicated relationship among them rather than a separate entity. Equity inclines to view the partnership as a separate business entity owning its properties and owing its debts. This latter view obtains largely in the Bankruptcy Act (11 USCA). In the Income Tax Act of 1917 a partnership made its own tax returns and paid its own taxes. Revenue Act 1917, § 1204, 40 Stat. 331. Since then it has been required to compile its own return of its gross income and deductions as before, but the partners alone owe taxes and each of them returns and pays on his proportion of the net income of the partnership. They are spoken of as "individuals carrying on business in partnership." Manifestly, for purposes of federal taxation the rules for ascertaining the income and deductions of partnerships ought not to vary with the peculiarities of state laws, but should be uniform throughout the United States. The question whether a transfer of property by a partnership to its members or to a number of them associated in a new partnership realizes a gain or a loss to the old firm ought to be answered alike everywhere. We do not think that result necessarily follows from such a transfer even though it accompanies a technical dissolution of the partnership. Of course two partnerships having one or more common members may coexist, car-

rying on separate businesses, and may buy from and sell to one another with the usual tax consequences. But when an extraordinary transaction occurs which amounts to a reorganization whereby all assets are transferred to a successor partnership composed of the same individuals, it may easily be that there is no real conversion of the capital. Under the statutes the reorganization of a corporation, though there be a transfer to a new legal entity, often realizes no gain or loss. In the present case the old firm had by true sales gotten large profits. It had other properties in which it had potential losses. It could not realize these losses so as to reduce the profits except by an actual conversion of the property. This was not accomplished by a mere appraisal with appropriate book entries, useful to settle with the trustee who was getting out and perhaps to adjust with other partners who stayed in and were changing their relative interests. The partners who sold fractional interests were allowed, whether rightly or wrongly, a present fractional loss. We do not think a real sale by the partnership was proven entitling the partnership to claim the whole as a present partnership loss. The petition to review is denied.