## MOBILE BAR PILOTS ASS'N v. COMMISSIONER OF INTERNAL REVENUE.
### No. 8483.

Circuit Court of Appeals, Fifth Circuit.

June 30, 1938.

S. M. Johnston, of Mobile, Ala., and Geo. E. H. Goodner, of Washington, D. C., for petitioner.

Howard P. Locke and Sewall Key, Sp. Assts. to Atty. Gen., James W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John E. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Petitioner filed income tax returns for its fiscal years 1930 and 1932 and took certain deductions, which were disallowed by the Commissioner and deficiencies were determined. The Board reversed the Commissioner in part and affirmed him in part and reduced the amount of the deficiencies. Before the Board petitioner contended that it is a non profit co-operative organization of pilots and is not taxable as a corporation. The Board found as a fact that petitioner is engaged in the business of furnishing qualified licensed pilots for the purpose of piloting boats across Mobile Bar into and out of the harbor of Mobile, Alabama. On this finding the Board held petitioner to be an association taxable as a corporation. Error is assigned to this finding of fact and to the ruling based thereon.

The undisputed facts in the record are these. Petitioner has been in existence for at least fifty years, has twenty members, all pilots licensed by the United States and the state of Alabama, actively engaged in piloting vessels in and out of the port of Mobile. Its members jointly own three boats, which are used exclusively in enabling them to render their service as pilots. The largest boat, the Alabamian, is stationed off Mobile Bar and is used as a quarter boat for pilots awaiting their turns to bring in incoming vessels. She is registered in the name of all the members of the association. The other boats are too small to require registry. The association has by-laws and rules regulating the conduct of its members. The pilots take regular turns in piloting vessels. It has a president and a secretary elected from its members and a paid bookkeeper, maintains an office in Mobile with a telephone. In the usual course when a pilot has completed the taking of a ship in or out of Mobile he presents a ticket to the master, who approves it, although sometimes payment is made in cash to the pilot. The association renders bills to the agents of the vessels in its own name but the name of the pilot for the particular ship appears on each bill. The association has a bank account and after paying current bills and deducting an amount for an emergency fund the balance is distributed pro rata to its members monthly. When a member resigns or dies an amount equalling his pro rata ownership in the property of the association is paid to him or his heirs. When a new member is admitted he pays into the association an amount necessary to equalize his joint ownership of the common property with the other members.

The Commissioner relies upon the following cases as having facts analogous with those in the case at bar and as sustaining the conclusion that petitioner is an association taxable as a corporation: Morrissey v. Commissioner, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263; Swanson v. Commissioner, 296 U.S. 362, 56 S.Ct. 283, 80 L.Ed. 273; Helvering, Commissioner, v. Combs, 296 U.S. 365, 56 S.Ct. 287, 80 L.Ed. 275; Helvering v. Coleman-Gilbert Associates, 296 U.S. 369, 56 S.Ct. 285, 80 L.Ed. 278. In each of these cases property was transferred to trustees with authority to manage and dispose of it with the same authority as if they were the owners. In each case the trust was actively engaged in business for profit. We do not consider these and similar cases in point for the following reasons.

Pilotage is the performance of personal services requiring the pilot to have the highest degree of skill as a seaman and is controlled by law. Under the law of Alabama, Gen.Acts 81 and 611 Reg.Sess. 1931, pp. 154, 756, before a man can be licensed as a pilot at the port of Mobile he

must have a license from the United States. See 46 U.S.C.A. § 214. He must have served at least three years at sea and one year as an apprentice pilot. He must pass an examination before the Alabama Commission to establish his fitness and be an American citizen of good character. He must take an oath to faithfully perform his duties, give bond in the sum of $2,000 to guarantee that he will do so, and pay an annual privilege tax of $50. He may be deprived of his license by either the Federal or state authorities for incompetency, negligence, or habitual drunkenness. Pilotage fees are fixed by the state board. A pilot can not demand more nor accept less than these fees under penalty fixed by law. For one not licensed to act as a pilot is a punishable offense.

Pilot associations have existed at all ports in civilized countries from time immemorial. It is not necessary for a man to be a member of an association to practice his profession but in the nature of things it would be impossible for him to operate alone. He must meet vessels beyond the bar in all kinds of weather and maintain boats of sufficient size and seaworthiness to permit him to do so. This would be impossible without an organization as the cost would be prohibitive to a single individual.

For the convenience of shipping it is necessary that headquarters of some kind be maintained at each port so that the pilot can be called when needed. It is necessary for the pilots to have someone to look after their business affairs such as collecting their fees as it would be impracticable for the pilot to do that personally.

Pilotage is personal service by an individual for which he has a maritime lien on the vessel. The Queen, 9 Cir., 206 F. 148. A pilot is the servant of the owner of the vessel who is responsible to third persons for his negligence or want of skill. Sherlock v. Alling, 93 U.S. 99, 23 L.Ed. 819. But an association of which the pilot is a member, similar to petitioner, is not responsible for his acts. Guy v. Donald, 203 U.S. 399, 27 S.Ct. 63, 51 L.Ed. 245.

It would be impossible for petitioner to engage in the business of piloting as an independent contractor. Petitioner does no business except as an agent of its individual members. It owns no property and has no income as an entity. Consequently is not required to pay income taxes as an association. If by mistake it has filed an income tax return estoppel does not result therefrom and it is immaterial what deductions it attempts to take from the income reported. It follows that it was error for the Board to hold that petitioner was engaged in the business of furnishing licensed pilots and is an association taxable as a corporation.

The judgment of the Board is reversed and the case is remanded for further proceedings not inconsistent with this opinion.