## UNITED STATES v. CARTER et al.
### No. 8869.

Circuit Court of Appeals, Fifth Circuit.
Feb. 23, 1939.

Arnold Raum and Sewall Key, Sp. Assts. to Atty. Gen., Jas. W. Morris, Asst. Atty. Gen., and Douglas W. McGregor, U. S. Atty., and Brian S. Odem, Asst. U. S. Atty., both of Houston, Tex., for appellant.

Palmer Hutcheson, of Houston, Tex., for appellees.

Before FOSTER and McCORD, Circuit Judges, and BORAH, District Judge.

McCORD, Circuit Judge.

The Government collected from the firm of W. T. Carter & Bro., capital stock tax for the years ending June 30, 1933, 1934, 1935 and 1936. These capital stock taxes were purportedly collected under the provisions of section 215 of the Act of June 16, 1933, 48 Stat. 207, known as the National Industrial Recovery Act; section 701 of the Revenue Act of 1934, 26 U.S.C. A. § 1358, section 105(a) of the Revenue Act of 1935, 49 Stat. 1017, and section 105 (a) of the Revenue Act of 1935, as amended by section 401 of the Revenue Act of 1936, 26 U.S.C.A. § 1358a (a). The firm of W. T. Carter & Bro. paid the taxes under protest.

The members of the firm of W. T. Carter & Bro. brought suit to recover the taxes. The suit was brought under the Tucker Act, the same being sections 761–765, Title 28 U.S.C.A. From a judgment for the plaintiffs, the Government brings this appeal.

The only question here for decision is whether or not W. T. Carter & Bro. was an association taxable as a corporation, or a bona fide partnership, doing business as such, and not subject to the tax.

The undisputed facts of the case disclose that for a long time prior to Sept. 16, 1919, there was in existence a partnership composed of W. T. Carter, E. A. Carter and Jack Thomas. These partners conducted business under the firm name of W. T. Carter & Bro. In 1919 a new partnership agreement was entered into. W. T. Carter died in 1921, and by mutual consent of the other partners the business thereafter was continued under the partnership agreement of 1919. A new agreement was executed on Sept. 15, 1929, and was in force and effect during the four taxable years in question.

For nearly forty years this firm of W. T. Carter & Bro. has been in existence. Every member of the partnership, save and except Jack Thomas, has been a member of the Carter family and it has been a going concern. Moreover, it has held itself out at all times as a partnership, doing business as such. The provisions of the contract of partnership are clear in that the continuance of the business was at all times contingent upon the consent of each of the partners, and the heirs or legal representatives of any deceased partner. While the question was not before the court, the firm of W. T. Carter & Bro. was recognized as a partnership in the case of Carroll v. Commissioner, 5 Cir., 70 F.2d 806.

The evidence clearly sets the partnership of W. T. Carter & Bro. apart from the influence of the cases relied upon by the Government. Morrissey v. Commissioner, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263; Swanson v. Commissioner, 296 U.S. 362, 56 S.Ct. 283, 80 L.Ed. 273; Helvering v. Coleman-Gilbert Associates, 296 U.S. 369, 56 S.Ct. 285, 80 L.Ed. 278. The plaintiffs are entitled, therefore, to the privileges incident to such a manner of operation. There is nothing in the law, weighed in the light of the evidence, which prevents the earnings of this business from becoming partnership income. Commissioner v. N. B. Whitcomb Coca-Cola Syndicate, 5 Cir., 95 F.2d 596; Mobile Bar Pilots Ass'n v. Commissioner, 5 Cir., 97 F.2d 695; Commissioner v. Gerstle, 9 Cir., 95 F.2d 587.

It results that the plaintiffs are entitled to recover the amount sued for.

The judgment is affirmed.