## SEHTAM CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 67.

Circuit Court of Appeals, Second Circuit.
Argued Jan. 14, 1942.

Decided Feb. 2, 1942.

O'Connor & Farber, of New York City (Basil O'Connor and William F. Snyder, both of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Morton K. Rothschild, Sp. Assts. to the Atty. Gen., for respondent.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This litigation involves a dispute as to the correct cost basis to the petitioner of securities sold by it at a profit during its fiscal year ending August 31, 1936. There is no controversy as to the facts. Prior to the year 1933 James M. Mathes and his wife purchased certain securities at a cost of about $7,300. In September 1933, when these securities had a market value of approximately $55,000, Mr. and Mrs. Mathes formed a partnership [1] to which they transferred the securities. They were recorded on the books of the partnership at their then market value. Shortly thereafter the partnership transferred them to the petitioner in exchange for all of its capital stock. No gain or loss was recognized on this transaction by reason of section 112(b) (5) of the Revenue Act of 1932, 47 Stat. 196, 26 U.S.C.A. Int.Rev.Code, § 112(b) (5). In December 1933 the partnership distributed the petitioner's capital stock to the partners and was dissolved. Again, no gain or loss was recognized on the transaction. In 1936 the petitioner sold the securities for some $274,000. The petitioner computed its taxable gain by taking as the cost basis the market value of the securities when acquired by the partnership, namely $55,098.-24. The commissioner took as the cost basis the cost of the securities to the individual members of the partnership, namely, $7,332, which resulted in the deficiencies complained of. The Board has sustained the commissioner.

The tax is to be determined according to the Revenue Act of 1936, which was in force when the securities were sold; but since they were acquired prior to 1936 in a transaction for which the basis is prescribed by section 113(a) (8) of the Revenue Act of 1934, 48 Stat. 707, 26 U.S.C.A. Int.Rev.Code, § 113(a) (8), we are referred back to the basis established by the 1934 Act by virtue of section 113(a) (16)

of the 1936 Act. 49 Stat. 1685. However, the provisions involved are identical in both statutes.

Section 113(a) (8) provides that the basis for property acquired by a corporation after December 31, 1920, by the issuance of its stock in connection with a transaction described in section 112(b) (5) "shall be the same as it would be in the hands of the transferor"; that is, in the case at bar, the taxpayer's basis is the same as its transferor's, the partnership of Mathes & Mathes. The partnership's basis when it acquired the securities in September 1933 was the market value of the property at that date. Helvering v. Walbridge, 2 Cir., 70 F.2d 683, certiorari denied 293 U.S. 594, 55 S.Ct. 109, 79 L.Ed. 688; Helvering v. Archbald, 2 Cir., 70 F.2d 720, certiorari denied 293 U. S. 594, 55 S.Ct. 109, 79 L.Ed. 688. But the partnership's basis was changed by section 113(a) (13) of the 1934 Act, 48 Stat. 708. See Paul & Mertens, Federal Income Taxation, Vol. 4, p. 30. This provides that if the property was acquired after February 28, 1913 by a partnership "and the basis is not otherwise determined under any of the paragraphs (1) to (12), inclusive, of this subsection," then the basis shall be the same as it would be in the hands of the partnership's transferor; that is, in the hands of Mr. and Mrs. Mathes individually.

The petitioner argues, however, that the basis is "otherwise determined" under paragraphs (1) to (12) of the subsection, namely under section 113(a) (8), and therefore paragraph (13) does not require the use of the individuals' basis. But we think it clear that the basis "not otherwise determined" to which paragraph (13) refers means the basis for the partnership. Paragraph (8), upon which the petitioner relies, prescribes the "basis" when property is acquired by a corporation, not when it is acquired by a partnership. While it is true that had the petitoner sold the securities prior to 1934, their basis under the Revenue Act of 1932 would have been their market value when transferred to the partnership, a taxpayer can have no vested right that the basis shall not be changed by a later statute. We think the Board was correct in ruling that section 113(a) (13) of the 1934-

---

[1] The parties stipulated that Mr. and Mrs. Mathes formed a partnership to which they transferred the securities. Two members of the Board refused to accept this postulate, and thought the decision, though correct, should be rested on the theory that the petitioner received the securities directly from the husband and wife in exchange for its capital stock. Our discussion assumes without decision, the validity of the partnership.

Act required the taxpayer to take the basis of the property in the hands of the individuals.

Order affirmed.