▮ In the Matter of LOUIS FARGNOLI et al., Doing Business as FARGNOLI BROTHERS, et al., Appellants, v. JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Respondent.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Albany County, in a proceeding brought pursuant to CPLR article 78, confirming a determination of the New York State Tax Com-

mission which made certain findings relative to the petitioners' income tax returns for the years 1958, 1959 and 1960. The appellant-taxpayers filed timely State income tax returns for the years 1958 through 1960. However, a review in May, 1964 by the Commissioner of Internal Revenue changed their method of reporting, and thereby expanded appellants' gross income and tax liability for these years. On June 24, 1964, appellants filed, as required, a notice of change of income with the New York State Department of Taxation and Finance and assessments based upon this increased income were thereafter made on August 31, 1964 and March 15, 1965. Appellants then petitioned for a redetermination of the deficiency and a refund of the income tax, but after a hearing their petitions were denied. Similarly their petition in the instant proceeding was dismissed. Appellants contend that section 373 of the New York State Tax Law, which expands the Statute of Limitations applicable to deficiency assessments, is unconstitutional by virtue of divesting the appellants of a vested interest. The main thrust of appellants' argument is that subdivision 4 of section 373, by allowing the State one year from the time at which a taxpayer reports a change of income in which to compute his tax, contradicts subdivision 1 of section 373 and subdivision (a) of section 683 and therefore illegally expands the time during which the State may assess a further tax. Additionally, appellants contend that the final clause of subdivision 4 of section 373 — "the provisions of this subdivision shall not affect the time within which an assessment may otherwise be made", — renders the statute unconstitutionally ambiguous. It is also alleged to have the effect of depriving appellants of a vested interest in these funds, which was conferred on them by the Statute of Limitations contained in subdivision 1 of section 373 and section 683. We find no merit in any of these positions. While appellants' attack on the specific statutes involved presents a novel issue, the principles involved are well settled. No person has a vested right in any statute or rule of law (*Matter of West*, 289 N. Y. 423, 430–431), and this is clearly so in the area of taxation (see *Sehtam Corp.* v. *Commissioner of Internal Rev.*, 125 F. 2d 655), and with any Statute of Limitations (*Robinson* v. *Robins Dry Dock & Repairs Co.*, 238 N. Y. 271, lv. to rearg. den. 239 N. Y. 504, app. dsmd. 271 U. S. 649). The question of the time of the assessment and collection of a tax is within the complete control of the legislature (*Matter of Pardee* v. *Rayfield*, 192 App. Div. 5, affd. 230 N. Y. 543) and the Legislature can freely modify or extend the Statute of Limitations without violating due process (*Chase Securities Corp.* v. *Donaldson*, 325 U. S. 304). As a legislative creation, a Statute of Limitations may be withheld completely or, so long as existing causes of action are not extinguished, establish arbitrary time limits (*Rothensies* v. *Electric Battery Co.*, 329 U. S. 296). Of course, the State must be given reasonable time within which to collect taxes and just as the Legislature has the power to shorten or lengthen the time within which a taxpayer may sue for a refund, it may permit the State more or less time to assess a tax (see *Gallewski* v. *Hentz & Co.*, 301 N. Y. 164). It cannot be maintained, therefore, that the mere extension of a Statute of Limitations violates any fundamental vested right. Similarly, we cannot agree with appellants' contention that the last clause of subdivision 4 of section 373 renders that section unconstitutionally vague. That section would be perfectly valid without this clause and when the statute is read as a whole (*Matter of Guardian Life Ins. Co.* v. *Chapman*, 302 N. Y. 226, modfg. 276 App. Div. 88) it presents no ambiguity. The general Statute of Limitations in section 373 is three years. But, subdivision 4 allows the State to recompute the tax within one year of the receipt of notice of a change of income. Without the last clause of subdivision 4, this section might be read to shorten the three-year period if a change of income is reported.

The final clause of subdivision 4 makes it clear that this section has no such effect on subdivision 1. Moreover, under New York law, the Legislature was not mandated to provide even a one-year limitation for recomputation of changed income (*Matter of Dee* v. *State Tax Comm.*, 282 N. Y. 617); it could have allowed recomputation at any time. Therefore, as construed, subdivision 4 of section 373 actually benefits the taxpayer by limiting the State to a one-year period within which to recompute his income in the case of a reported change on a properly filed tax return. Judgment affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J. [55 Misc 2d 545.]